JUAN RAMON SANTIAGO AND JUANA ARROYO,
Plffs.,

*v.*

AMERICAN RAILROAD COMPANY OF PORTO RICO,
Dft.

San Juan, Law, No. 1583.

**406**

Opinion filed June 5, 1924.

*Mr. Hugh R. Francis* for plaintiffs.

*Mr. F. H. Dexter* for defendant.

ODLIN, Judge, delivered the following opinion:

The motion for a new trial in this action, which was filed by the attorney for the defendant Railroad Company on March 15, 1924, presents certain unique and interesting questions which have been argued with great skill and earnestness by the counsel for the defendant. This court, in denying the motion for a new trial, deems it fair to the parties that the reasons for such denial should be briefly stated.

The first ground of the motion rests upon the claim that this court committed error in refusing to dismiss the case at the close of the testimony on behalf of the two plaintiffs. It was my belief at the time that I denied that request that it was the duty of the court to permit the case to go to the jury, because, if the evidence of certain witnesses called by the plaintiffs was

true, there certainly was before the jury testimony which, if the jury believed, would entitle the plaintiffs to recover, provided of course that the case had been properly brought.

The second ground of the motion for a new trial is one of peculiar interest. After the close of the evidence for both sides, counsel for the defendant requested the court to direct the jury to find a verdict for the defendant Railroad Company upon the ground that the male. plaintiff, the father of the deceased boy, had no right to sue, because the other plaintiff, who was the mother of the deceased boy, had obtained a divorce from the first-named plaintiff about five years before the boy died, and the Insular court in granting the divorce awarded the custody of the boy to the mother, together with the patria potestas. My examination of the law applicable in Porto Rico has led me to the conclusion that this ground would be well taken in an ordinary case, but the facts of this case are. so peculiar that I believe both the father and the mother were entitled to sue. The undisputed evidence shows, that, although the Insular court awarded the custody of the boy to the mother, the latter did not take the boy with her when she left the Island of Porto Rico, as she might have done, but there was an agreement reached between the two parents whereby the boy was to remain in Porto Rico with the father. The latter provided the boy a living and as the boy approached manhood, and after acquiring a limited education, he was put to work in connection with the father, and the wages of the boy were used partly toward his own support. The conclusion to my mind is irresistible that this operated as a waiver by the mother to the custody of the boy, but that she did not waive the patria potestas. In other words, she might have taken the boy from the father at

any time before the boy reached the age of twenty-one, had she cared to do so. It is therefore my belief that both parents were entitled to sue and that the contention of the counsel for the Railroad Company that the mother alone could sue is unsound.

The third ground of the motion for a new trial is that the verdict of the jury was against the weight of the evidence, which, it is alleged, showed that the primary and direct cause of the death of the boy was due to his own contributory negligence. It is true that there was testimony in the case, which, if the jury believed, would exonerate the defendant Railroad Company from liability upon this defense of contributory negligence, but the testimony was in conflict. The jury had a right to believe the evidence given by the witnesses for the plaintiffs and to disregard the evidence given by the witnesses for the defendant Railroad Company. In view of this conflict, there was nothing for this court to do but to leave the issue to the jury, and the presiding judge has no right to upset the verdict under such conditions.

The fourth ground of the motion for a new trial is that the damages awarded by the jury are grossly excessive, and are the result of prejudice against the defendant Railroad Company on the part of the jury. The amount of the verdict was $6,000. It is true there are some courts which might regard this verdict as excessive, but it would be manifestly out of order for me to upset this verdict on the ground of excessive damages when it is recalled that this boy died, and in the case of Succesores de Perez Hermanos v. Costa, reported in 281 Fed. at page 439, the injury to a boy eleven years old did not result in death, but in the loss of a leg, and the verdict was for $17,000, which was

ultimately reduced so that the judgment finally stood for $12,000.

The fifth and last ground upon which this motion for a new trial rests is that this court erred in refusing request No. 9, submitted by counsel for the Railroad Company, in its instructions to the jury, as follows: "You are instructed that if you believe from the evidence that the defendant company had maintained a watchman and chains at the crossing in question for several years but only at certain hours the boy, Ramon Santiago, could not rely upon any duty of defendant to place the chains at any other than those hours in the absence of any order of the Executive Council or the Public Service Commission requiring it to do so. In this connection the court instructs you that as a matter of law the defendant company was under no obligation to maintain such watchman and chains at the crossing in question in the absence of any order from the Executive Council or the Public Service Commission, its successor."

Counsel for the defendant Railroad Company during the trial was able to make a very ingenious argument in support of the request, but this court believed at that time, and still believes, that the giving of this instruction would have been unfair to the plaintiffs, and would have established a rule which the laws of Porto Rico did not and do not now justify.

Entertaining these views, the motion for a new trial must be denied, and it is so ordered.

To this ruling counsel for the defendant excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 5th day of June, 1924.